UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HORIZON DIGITAL MEDIA CORP.,<br><br>Plaintiff,<br>v.<br><br>VIRGINIA SWORDS, and STARWOOD CAPITAL GROUP, LLC, INTOWN SUITES MANAGEMENT, LLC, and JOHN DOE COMPANY 1, and JOHN DOE COMPANY 2,<br>Defendants, | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Horizon Digital Media Corp. (*"Horizon" or "Plaintiff"*) complains of Defendants, Virginia Swords ("Swords"), Starwood Capital Group ("Starwood"), InTown Suites ("InTown"), collectively ("Defendants") and Plaintiff alleges:

### JURISDICTION/VENUE

1. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338. Additionally, this Court has subject matter jurisdiction as to the Defendants under 28 U.S.C. § 1331, because this claim arises under the copyright laws of the United States. This Court has personal jurisdiction over

1

the Defendants because the infringements advertised their "extended stay" hotels in Georgia, and several other states. Further, the Defendants reside and regularly conduct business in the Northern District of Georgia.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b) and (c).

## THE PARTIES

3. Plaintiff Horizon is a corporation having its principal place of business in Florida, and is wholly-owned by Melvino Salame, who creates photographs that Horizon markets and licenses.

4. Defendant Swords is an individual citizen of Georgia who is the Marketing Director for InTown Suites, and who assigned the photography InTown needed for "internal use only." She will receive service of this complaint at her residential address of 2281 Akers Mill Road SE, Apartment # 3824, Atlanta, Georgia 30339-2669, or wherever she may be found.

5. Defendant InTown Suites Management, LLC ("InTown"), is a Delaware limited liability company, which upon information and belief is owned by Starwood, a corporation that "rolls-up" small and large hotel chains into its stable of short-and-long-term rental lodging properties. In October of 2012, Starwood purchased 138 units of InTown's extended-stay properties totaling

18,000 guestrooms for $735,000,000.00, including its existing debt of $617,000,000.00. InTown's Principal Office Address is at 980 Hammond Dr., SE Suite 500, Atlanta, GA, 30328. InTown may be served through its Registered Agent C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046.

6. Defendant Starwood Capital Group ("Starwood"), is a Limited Liability Company doing business at 1255 23rd Street NW, Suite 200, Washington, D.C. 20037-1152. Starwood is the owner and parent company of Defendant InTown. Starwood will receive service of this complaint through its Registered Agent or Manager at its office address 1255 23rd Street NW, Suite 200, Washington, D.C. 20037-1152 or wherever it may be found.

7. Plaintiff Horizon is in the business of marketing professional photography. At all times relevant hereto, Plaintiff was the sole owner of copyrights in and to the Works at issue in this case, and said photographs were entitled "InTown Suites 8191 W Commercial Blvd - Photo Shoots 2019-2020," and were properly registered and deposited with the U.S. Copyright Office on April 10, 2024, and issued Certificate of Registration No. VAu 1-530-592 (See Exhibit 1, "The Works," and Exhibit 2).

8. Plaintiff's copyrights in the above-described works are therefore presently valid and subsisting, and they were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.[1]

## CONTEXTUAL INFRINGEMENT FACTS

9. On or about April 30, 2019, Defendant Swords, as Marketing Director for InTown, reached out to Melvino Salame, the creative impetus behind Horizon, seeking his services to create photographs of InTown's rooms at its location in Tamarac, Florida. Swords stated that the photographs would be used for a "guest survey." On May 2, 2019, Salame emailed Swords to confirm the location of the photos to be created, and to confirm that InTown's intended use was for "limited use in a market survey to choose new room décor and design of a remodel."

10. On October 18, 2019, Swords again contacted Plaintiff and asked for more photographs to be taken. She confirmed that the photographs would not be used for marketing. Then on December 4, 2019, Plaintiff emailed Darrell Owens, Starwood's Development Director in Europe. Owens acknowledged

---

[1] Salame assigned his copyrights to Horizon for the purpose of stopping Defendants from continuing their infringing activities, and to prosecute the claims against Defendants.

that InTown/Starwood would use the photos only for internal usage, and that any usage beyond that would require the request for such a license, and the payment of additional usage fees. That same day Owens wrote to Salame advising him that he had notified Virginia at In Town Suites that "additional charges will apply for other external facing uses."

11. On or about January 7, 2020, Salame communicated with Swords, and once again confirmed that the photographs were not for public display or use. Defendants represented to Plaintiff that the photographs would not be used for public use, and that they would only be used for internal usage and were not to be distributed.

12. Fewer than three (3) years of this filing, Plaintiff first discovered that the Works were being used on dozens of travel websites – without license or other authorization – to promote InTown and Starwood's hotel businesses to the consuming public (See Exhibit 3). On information and belief, the Works were also posted on Defendants' website for an indeterminate, and as yet unknown time period.

## CAUSES OF ACTION
## COUNT I
## NON-WILLFUL COPYRIGHT INFRINGEMENT

13. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

14. Defendants InTown and Starwood, without knowledge or intent, have infringed Plaintiff's copyrights in and to the Works by scanning, copying, reproducing, distributing, publishing and/or otherwise using unauthorized copies of said photographs within the United States, all in violation of Title 17 U.S.C. §101 *et seq*.

15. Upon information and belief, Defendants have benefitted from their infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to its business, its reputation, its goodwill, and dilution of the market value of the Works; therefore, Plaintiff is entitled to injunctive relief, damages, and the other relief set forth in the Act.

## COUNT II
## WILLFUL COPYRIGHT INFRINGEMENT

16. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

17. Alternatively, Defendants have recklessly and/or willfully infringed Plaintiff's

copyrights in and to the Works by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq*.

18. Because in all email communications about the Works Salame made clear — and it was acknowledged by Defendants' agents and representatives — that the Works were licenses for internal use only, Defendants had actual notice that they may not use the Works for marketing purposes. Defendants, nevertheless, did so.

19. Upon information and belief, Defendants have benefitted from their infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to its business, reputation, and goodwill, *and* the Works will suffer dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, disgorgement of Defendants' profits attributable to their infringing activities, statutory damages, and its Lodestar costs.

## COUNT III
### VICARIOUS LIABILITY OF SWORDS

20. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

21. Pleading further, and upon information and belief, but without waiver of the foregoing, at the time the infringing acts were performed, Swords was the Marketing Director of InTown.

22. Upon information and belief, Swords controlled many of the marketing decisions of InTown and she exerted a dominant influence over marketing for the company. Swords provided hands-on decision making with respect to the marketing activities of InTown, directing most if not all marketing decisions. Swords therefore had the right and ability to supervise and/or control the infringing conduct of InTown, and/or to stop the infringements once they began. Upon information and belief, Swords had an obvious and direct financial interest in these infringing activities of InTown.

23. Swords is therefore vicariously liable for the infringing activities of InTown.

## COUNT IV
## CAUSATION/DAMAGES

24. As a result of Defendants' above-described acts of copyright infringement, Plaintiff has sustained damages in an amount not yet ascertained. However, such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the profits attributable to InTown/Starwood's infringements, statutory damages for infringing the

Works, and Lodestar costs including attorney's fees and research time tracking down and documenting the infringing activities of InTown/Starwood.

## COUNT V
## 17 U.S.C. § 1202(a)

25. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

26. The Works at issue in this case, when displayed publicly, contained false copyright management information in the form of Defendants' logos and names logo embedded onto the Works as displayed on the downstream websites.

27. The Defendants knowingly and with the intent to enable or facilitate copyright infringement, added their own copyright management information to the Works at issue in this action in violation of 17 U.S.C. § 1202(a) in the form of its name and/or logo embedded upon the Works.

28. The Defendants distributed copies of the Works to third parties which included false copyright management information conveyed in connection with the Works.

29. The Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable,

9

facilitate or conceal infringement of Plaintiff's rights in the Works at issue in this action protected under the Copyright Act.

30. After applying the false copyright management information to the Works, the Defendants distributed the Works to third parties for use on downstream websites in violation of 17 U.S.C. § 1202(a).

31. Plaintiff has been damaged.

32. The harm caused to Plaintiff has been irreparable

## COUNT VI
## 17 U.S.C. § 1202(b)

33. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

34. As published by Horizon, the Works at issue in this case contained copyright management information in the form of a copyright notice embedded in the metadata of the Works.

35. The Defendants knowingly and with the intent to enable, conceal, or facilitate copyright infringement, edited the Works so as to remove the metadata from the Works in violation of 17 U.S.C. § 1202(b).

36. The Defendants distributed the Works to third parties knowing that the copyright management information in the Works had been removed without the copyright owner's authority to do so.

37. The Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of the Plaintiff's rights in the Works.

38. Plaintiff has been damaged.

39. The harm caused to Plaintiff has been irreparable.

## RELIEF REQUESTED

40. Plaintiff demands that the Defendants be found to have copied, displayed, and distributed the Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

41. Plaintiff demands an accounting by Defendants of their activities in connection with infringements of Plaintiff's copyrights in and to the Works, as well as a reckoning of the revenue and/or gross profits derived therefrom. Plaintiff further demands strict proof of the shifted burdens of proof of damages, as set forth in 17 U.S.C. §§ 504 and 1203.

42. Plaintiff is entitled to recover its actual damages, plus the profits of Defendants attributable to the infringements of the Works pursuant to 17 U.S.C. §§ 504 and 1203.

43. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyrights in any

manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of its images;

44. That Swords and InTown/Starwood be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all items which infringe Plaintiffs' copyrights, including all annual reports which display the Works, and all prints, film negatives, magnetic tapes, digitally-scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession and/or under the direct, indirect, or constructive control of Defendants;

45. That Swords, InTown and Starwood be required, jointly and severally, to pay over to Plaintiff its actual damages sustained, in addition to all of its profits attributable to the infringements, and which are not taken into account in computing Plaintiff actual damages incurred as a result of Defendants' copyright infringements described herein;

46. That InTown/Starwood provide an accounting of all gains, profits, and advantages derived by it as a result of their reckless, willful, and otherwise unlawful acts of copyright infringement above described;

47. That InTown, Starwood and Swords be ordered to pay to Plaintiff its Lodestar costs including attorney's fees; *and*

48. That Plaintiff have such other and further relief as this court shall deem just and proper.

**Plaintiff, Horizon, demands a trial by a jury of its peers.**

DATED: December 11, 2024     Respectfully submitted,

/s/Evan A. Andersen
EVAN A. ANDERSEN
GA Bar Number: 377422
Evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Horizon Digital Media Corp.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C

Counsel for Plaintiff Horizon Digital Media Corp. hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

DATED: December 11, 2024                Respectfully submitted,

*/s/Evan A. Andersen*
EVAN A. ANDERSEN
**SRIPLAW, P.A.**